IN THE UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William M. Ross and Kelli S. Ross, | ) | Civil Action No. 2:25-cv-04594-RMG |
| Plaintiffs, | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| Chicago Title Insurance Co., | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Chicago Title Insurance Company ("***CTIC***") removes the claims against it from the South Carolina Court of Common Pleas in Charleston County, South Carolina to this Court. The grounds for removal are as follows:

1. This action is being removed to federal court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(l).

2. On April 4, 2025, the Plaintiffs filed the instant action, Case No. 2025-CP-10-1877, in the Charleston County, South Carolina Court of Common Pleas ("***State Court Action***"). A true and correct copy of all pleadings filed in the State Court Action is attached as *Exhibit 1* and is being filed along with this Notice of Removal.

3. The South Carolina Department of Insurance accepted service on May 2, 2025, and then forwarded those pleadings to the registered agent for CTIC. *See Exhibit 2*.

4. This Notice of Removal is being filed with this Court within thirty (30) days of the receipt of service by CTIC of the Plaintiff's Summons and Complaint as required by 28 U.S.C. §1446(b).

WBD (US) 4889-6432-3282v1

5. Removal to the United States District Court for the District of South Carolina, Charleston Division is appropriate because the Charleston County Court of Common Pleas is located within this District.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and is also being filed with the Clerk of Court for the Charleston County Court of Common Pleas.

## DIVERSITY OF CITIZENSHIP

7. There is complete diversity among the parties. Upon information and belief, based on the allegations in the Complaint, the Plaintiffs are citizens and residents of South Carolina. *See* Complaint.

8. Chicago Title is an insurance company organized and existing under the laws of the state of Florida, with its principal place of business in Florida. *Exhibit 3*, Florida Secretary of State, Annual Report.

9. Therefore, this is a civil action between citizens of different States and there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

10. The underlying action is an insurance coverage and bad faith action, in which the Plaintiffs claim that CTIC, as title insurer, improperly denied their claim for defense and indemnity of a real estate dispute and lawsuit in Charleston County, South Carolina. *Exhibit 1*, Complaint.

11. The Plaintiffs allege that Chicago Title issued a title insurance policy which insured their property. *Id.* at ¶ 19. The property is located at 1612 Zurlo Way, Johns Island, SC 29455. *Id.* at ¶ 1.

12. The Plaintiffs further allege that Chicago Title breached the policy by, among other things, failing to defend the Plaintiffs in the underlying action, failing to pay Plaintiffs' attorneys' fees in the underlying action, and failing to indemnify the Plaintiffs or pay benefits under the insurance policy. *Id.* at ¶ 14.

13. The Plaintiffs also allege a claim for bad faith failure to defend the underlying action and bad faith refusal to pay benefits under the terms of the title insurance policy. *Id.* at ¶¶ 28-43.

14. Plaintiffs do not quantify their damages but characterize those damages as "significant" and provide that the Plaintiffs are entitled to "recovery in excess of the policy limits." *Id.* at ¶ 43.

15. The policy amount is $75,000. *Exhibit 4*, Policy.

16. Plaintiffs also seek recovery of "consequential damages, incidental damages, punitive damages, attorney fees, statutory post judgement interest." *Id.* at Request for Relief

17. Under Fourth Circuit law, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (*quoting Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

18. A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665 (D.S.C. 2005). Indeed, "where Plaintiff has alleged an indeterminate amount of damages, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice

of removal filed with a federal court, and other relevant materials in the record." *Crosby*, 409 F. Supp. 2d at 667.

19. "To determine the amount in controversy, punitive damages should be considered unless it is legally certain the plaintiff cannot recover punitive damages." *Chaplin v. Progressive N. Ins. Co.*, 2010 U.S. Dist. LEXIS 155606 at *3 (D.S.C. July 14, 2010). "Under South Carolina law, punitive damages are available for a bad faith refusal to pay benefits under an insurance contract if the insured proves that the insurer's conduct was willful or in reckless disregard of the insured's rights under contract." *Id. citing Howard v. State Farm Mut. Auto. Ins. Co.*, 316 S.C. 445, 450 S.E.2d 582, 586 (S.C. 1994). Pursuant to S.C. Code Ann. § 15-32-530(A), in most cases, "an award of punitive damages may not exceed the ***greater*** of three times the amount of compensatory damages awarded to each claimant entitled thereto or the sum of five hundred thousand dollars."

20. Attorneys' fees are to be considered when determining the jurisdictional amount when a plaintiff is entitled to recover them under a contract or statute. *Fid. Nat'l Title Ins. Co. v. Hawkins*, 2016 U.S. Dist. LEXIS 163977 at *10, 2016 WL 6962775 (D.S.C. Nov. 29, 2016) *citing Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541-42, 34 S. Ct. 195, 58 L. Ed. 354 (1913). The attorneys' fees sought are provided by S.C. Code § 38-59-40 – Liability for attorneys' fees where insurer has refused to pay claim. Therefore, attorneys' fees must be considered when determining the amount in controversy.

21. Given the fact that the Plaintiff claims that their damages exceed the policy limits, and they also seek punitive damages (available up to $500,000 in all cases) and attorneys' fees, the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Accompanying this Notice of Removal is a Civil Cover Sheet, as well as the required filing fee. Written notice of the filing of this Notice of Removal, on this date, has been given to the Plaintiffs by delivery to their counsel.

WHEREFORE, CTIC hereby removes the claims against CTIC to the United States District Court.

WOMBLE BOND DICKINSON (US) LLP

*s/ Matthew Tillman*
Matthew Tillman, Federal Bar No. 9115
5 Exchange Street
P.O. Box 999
Charleston, SC  29402
(843) 722-3400
matthew.tillman@wbd-us.com

May 28, 2025
Charleston, South Carolina

*Attorney for Defendant Chicago Title Insurance Company*

WBD (US) 4889-6432-3282v1