# EXHIBIT "1"

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) |
| | ) CASE NO.: 2025-CP- |
| William M. Ross and Kelli S. Ross, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) **SUMMONS** |
| v. | ) |
| | ) |
| Chicago Title Insurance Co. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**TO THE DEFENDANT ABOVE -NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscribers, at their offices at 3674 Old Charleston Highway, Johns Island, South Carolina 29455, within thirty (30) days after the service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

LAQUIERE LEGAL SERVICES, LLC

\_\_\_/s/ Eric B. Laquiere_____
Eric B. Laquiere, Esq., No. 71177
Coleman J. Kiester, Esq., No. 107202
3674 Old Charleston Hwy
Johns Island, SC 29455
843-556-2958
eric@laqlaw.com
coleman@laqlaw.com
Attorneys for the Defendant

ELECTRONICALLY FILED - 2025 Apr 04 3:48 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001887

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) |
| | ) CASE NO.: 2025-CP- |
| William M. Ross and Kelli S. Ross, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) **COMPLAINT** |
| v. | ) **(Jury Trial Requested)** |
| | ) |
| Chicago Title Insurance Co. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

The Plaintiffs above named, complaining of the Defendant above-named, allege and state as follows:

1. As evidenced by that deed recorded June 30, 2021 in Book 1009 Page 255 Charleston County RMC, the Plaintiffs are the owners of certain real estate, generally known as Lot 58 of the Preserve, located at 1612 Zurlo Way, Johns Island, SC 29455 ("real estate"); which is more specifically described as:

    All that piece, parcel or lot of land, lying, being and situate in the City of Charleston, County of Charleston and being known and designated as all of Lot 58 as shown on that map titled "A Subdivision Plat of Lot 2 Owned by Penny Creek Associates, LLC to Create Lot 58 #1612 Zurlo Way and Lot 59 #1608 Zurlo Way, The Preserve at Fenwick Plantation" said map being recorded in Plat Cabinet L14, Page 94, in the Office of the RMC for Charleston County, South Carolina.

    Being in all respects the property conveyed by deed from Penny Creek Associates, LLC to True Homes, LLC as recorded 7/23/14 in Book 0418, Page 94, in the Office of the Register of Deeds for Charleston County, South Carolina. TMS: 346-00-00-782.

2. Defendant is Chicago Title Insurance Company ("CTI"), is a title insurance company register to do business in South Carolina and licensed by the South Carolina Department of Insurance.

1

3. Preserve II at Fenwick Hall Property Owner's Association ("Preserve II") is a non-profit mutual benefit corporation organized and existing pursuant to the laws of South Carolina

4. Jurisdiction and venue are proper in this Court because Defendant resides in or transacts business within this County.

5. Plaintiffs purchased the real estate with the closing handled by H. Micheal White Jr., Esq. ("White").

6. Defendant issued an owner's policy of title insurance ("the policy" or "the insurance policy") to the Plaintiffs in connection with the closing. This policy named Ross as insured and provided Ross legal defense and certain benefits as further described in the insurance policy.

7. After closing, The Preserve II falsely and erroneously claimed rights, title, and interest, as well as authority, under various negative reciprocal encumbrances.

8. Preserve II's assertion of authority constituted wrongful enforcement of restrictive covenants that clouded title to the real estate; for which the insurance policy covered.

9. Preserve II had no right to enforce covenants on Plaintiffs' real estate.

10. Preserve II claimed in both a Motion for Preliminary Injunction and in their Answer and Counterclaim that the real estate was "subject to the Preserve II Property Owner's Association and its Agricultural Review Board (ARB) covenants, rules, and regulations" and that Ross "should therefore be responsible for paying all ARB fines and complying with applicable ARB covenants, rules, and regulations".

11. Preserve II, in their Counterclaim, asserted that Ross violated Preserve II covenants in the following particulars;

      a. In failing to submit compliant plans to the ARB for either The Preserve I POA or The Preserve II POA;

    b. In improperly clearing Lot 58, cutting large trees, building a driveway, and moving forward with active construction;

    c. In not complying with three cease and desist letters from both The Preserve I POA and Preserve II POA

12. Preserve II, in their Preliminary Injunction, asserted that Ross violated ARB covenants including, but not limited to;

    a. Not submitting the appropriate fee;

    b. Not submitting plans that comply with the ARB covenants, rules, and regulations for either Preserve I POA or Preserve II POA;

    c. Improperly clearing the subject lot, removing trees, creating a driveway, and other construction activities.

13. Such claims are included and provided for in the "Covered Risks" section of the insurance policy and are not subject to an exception or exclusion.

14. After notice and demand for defense, Chicago Title Insurance refused to defend Ross and refused to indemnify or pay benefits.

15. As a direct and proximate result, Ross incurred losses in, including but not limited to; actual damages, consequential damages, incidental damages, special damages, attorney's fees, and litigation costs, in such a degree that constructing a home on the real estate became impossible.

16. Special damages include; loss of use, and interest devaluation of the real estate, loss of use of the real estate, increased borrowing costs, increased construction costs, and storage costs.

17. Plaintiffs demand a trail by jury.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

18. Each and every allegation above is incorporated herein by reference.

19. CTI entered into a binding contract of insurance with Ross.

20. Under the insurance policy, CTI owed a contractual obligation to defend Ross.

ELECTRONICALLY FILED - 2025 Apr 04 3:48 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001887

21. Under the insurance policy, CTI owed a contractual obligation to compensate for any covered claims.

22. The policy provides under Section "Our Duty to Defend Against Legal Actions";

"[Chicago Title Insurance Co.] will defend Your Title in any legal action only as to that part of the action which is based on a Covered Risk."

23. Chicago Title Insurance breached its contract with Ross in the following ways: by failing to defend claims as required by subsections 5, 9, 12, or 16 of "Covered Risks" on page 2 of the policy, which read as follows;

"Covered Risks are …"

5. "Someone else has a right to limit Your use of the Land."

9. "Someone else has an encumbrance on Your Title."

12. "You are forced to correct or remove an existing violation of any covenant, condition or restriction affecting the Land, even if the covenant, condition or restriction is excepted in Schedule B."

16. "Because of an existing violation of a subdivision law or regulation affecting the Land:
    a. You are unable to obtain a building permit;
    b. You are required to correct or remove the violation"

24. CTI failed to provide any defense to Ross with respect to the claims arising out of the Preserve II covenants and regime.

25. Ross complied with all duties and obligations owed to Chicago Title Insurance under the policy.

26. Ross suffered substantial loss as a direct and proximate result of CTI failing to perform its duties or obligations under the policy.

27. Ross is entitled to damages in an amount to be proved at trial.

4

## FOR A SECOND CAUSE OF ACTION
### (Bad Faith Failure to Defend)

28. Each and every allegation above is incorporated herein by reference.

29. In addition to the contractual obligations of defense, CTI owed a duty of good faith and fair dealing with respect to their obligations of defense, claim adjustment, and payment of benefits pursuant to the insurance policy

30. Preserve II, in both their Motion for Preliminary Injunction, and in their Answer and Counterclaim, asserted that Ross and the real estate were "subject to the Preserve II Property Owner's Association and its Agricultural Review Board covenants, rules, and regulations". Such claims are covered under the insurance policy and not subject to an exception or exclusion.

31. Preserve II had no right or authority to enforce the restrictive covenants against Ross, as the real estate was subject to The Preserve regime, a closed regime self-governed by existing property owners, and all declarant's rights had been extinguished by assignment to the association of owners.

32. The Declaration for the Preserve II regime specifically acknowledges that Lot 58 and other enumerated lots in the Preserve regime are not part of the Preserve II regime.

33. The enforcement of restrictive covenants by Preserve II against Ross is a Covered Risk under the insurance policy.

34. Ross made a demand upon CTI to defend the claims and wrongful enforcement of restrictive covenants by Preserve II.

35. No reasonable investigation could conclude that Preserve II held valid rights or authority over the real estate to enforce restrictive covenants.

36. The conclusion reached in the statement of denial of coverage letter, dated June 23, 2022, was unreasonable.

37. CTI has acted unreasonably and in bad faith in refusing to defend Ross against the claims by Preserve II as there is no reasonable basis to conclude that these claims were not covered under the policy.

38. As a direct and proximate result of the failure to defend claims covered in the insurance policy, Ross has incurred and continues to suffer damages in the form of attorney fees and litigation costs, for which Ross is entitled to recover.

## FOR A THIRD CAUSE OF ACTION
### (Bad Faith Failure to Indemnify / Pay Benefits Under Policy of Insurance)

39. Each and every allegation above is incorporated herein by reference.

40. In addition to contractual obligations to pay benefits, CTI owed a duty of good faith and fair dealing with respect to their obligation to pay benefits pursuant to the insurance policy.

41. CTI has acted unreasonably, and in bad faith, in refusing to pay benefits under the policy.

42. CTI acted with reckless disregard by denying coverage in its letter of denial dated June 23, 2022

43. As a direct and proximate result of this refusal to pay benefits, Ross has suffered significant damages and is entitled to recovery in excess of the policy limits.

## FOR A FOURTH CAUSE OF ACTION
### (Action for Punitive Damages)

44. Each and every allegation above is incorporated herein by reference.

45. The actions by insurer CTI were willful, wanton, and made with intentional or reckless disregard to the rights of the insured Ross.

46. The actions by the insurer CTI were specifically intended to benefit CTI at the expense of their insured Ross and in violation of an insurer's duties at law.

ELECTRONICALLY FILED - 2025 Apr 04 3:48 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1001887

47.    Ross is entitled to an award of punitive damages.

WHEREFORE:

The Plaintiff prays this Court grant the following relief:

a) Judgment in favor of the plaintiff on every cause of action;

b) Award of actual damages, consequential damages, incidental damages, punitive damages, attorney fees, statutory post judgement interest, and such other relief as this Court deems just and proper.

LAQUIERE LEGAL SERVICES LLC

_____/s/ Eric B. Laquiere_____
Eric B. Laquiere, No. 71177
Coleman Kiester, No. 107202
3674 Old Charleston Hwy
Johns Island, SC 29455
843-556-2958
eric@laqlaw.com
coleman@laqlaw.com
Attorneys for the Defendant

7